Louis Gatto, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare and Allegheny County Board of Assistance, Respondents.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Stephen A. Sheller,* with him *Bruce M. Ludwig,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 1, 1979:

Louis Gatto (Gatto) was employed, in August 1977, by the Commonwealth of Pennsylvania, with a monthly income of $1164.20. He was paid biweekly and August 11, 1977 was a payday for him. When he did not receive his pay on that day because of a budget impasse existing in the General Assembly, he applied on the same day for food stamps for himself, his wife, and two minor children. Following the passage of the budget by the legislature, on August 23, 1977, Gatto did receive, during August 1977, all the wages to which he was entitled for his work that month. The Department of Public Welfare (DPW) held that Gatto's employment had not been terminated and, since his income for August 1977 could be anticipated, he was ineligible for food stamps.[1] This appeal followed and we affirm.

Gatto's contention that, although not unemployed, a late payday qualifies him for food stamps cannot be sustained. Such a contention leads to a conclusion that anyone who receives his paycheck by mail and experi-

---

[1] There is no contention made here that Gatto's monthly income did not exceed the income eligibility requirements for the receipt of food stamps.

ences delay in delivery beyond the due date is eligible, without regard to other available resources,[2] for food stamps. Such an untenable conclusion cannot have judicial approval.

Eligibility for food stamps is based upon income. The United States Department of Agriculture, in regulations relating to food stamps, has determined that income is to be calculated on a monthly basis in determining eligibility for food stamp benefits.[3] In considering Gatto's "income" for August 1977, DPW properly considered income reasonably anticipated for the remainder of that month. In this case, such is particularly so because Pennsylvania did not have a history of extended budget impasses. Although the reasonableness of DPW's ruling is not to be determined by hindsight, retrospect proved, in fact, that the anticipation of Gatto's income for August 1977 was correct.

Gatto contends that DPW cannot attribute to him income only anticipated to be received and cites in support thereof the case of *Gutierrez v. Butz,* 415 F. Supp. 827 (D.D.C. 1976). In *Gutierrez,* a Federal District Court determined that, with respect to migrant workers, the Secretary of Agriculture could not determine the household's income on the basis of income anticipated to be received in the current month. This case is distinguishable from *Gutierrez* in that here Gatto would receive, unlike the migrant workers, retroactive payments for the period of time he was employed. In addition, we must question the correctness of the *Gutierrez* court in holding that the Secretary of Agricul-

---

[2] The record in this case discloses that Gatto had liquid resources on August 11, 1977 of $621.39.

[3] The central definition of income for purposes of the Food Stamp Act is contained in 7 C.F.R. §271.3(c) :

Definition of income. (i) Monthly income means all income which is received or anticipated to be received during the month. . . .

ture could consider only "income presently available" when Congress, in enacting the Food Stamp Act, required that income, defined to include that "anticipated to be received," be taken into account.

We have pondered the other challenges advanced by Gatto, including that he was denied equal protection as guaranteed to him by the United States Constitution, and find them to be without merit.

Accordingly, we make the following

ORDER

AND Now, this 1st day of May, 1979, the order of the Hearing and Appeals Unit of the Department of Public Welfare, sustaining the determination of the Allegheny County Board of Assistance that Louis Gatto was, on August 11, 1977, ineligible for food stamps, is hereby affirmed.